## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHIRLEY PARRISH, Individually and as
Administrator Of the Estate of LILY A. BEGAY,
LUCILLE BEGAY, KATHLEEN HERDER,
GERRY BEGAY, CAROLINE B. JAMES,
ELSIE BEGAY, DAVID BEGAY, JR.,

       Plaintiffs,

vs.                      No.

THE UNITED STATES OF AMERICA,

       Defendant.

## COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH [ARISING UNDER THE FTCA]

Plaintiffs, by and through their undersigned attorneys of record, and for their complaint against the Defendant, state and allege:

### I.       PARTIES AND JURISDICTION

1.       This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA") for medical negligence resulting in a wrongful death at the Northern Navajo Medical Center operated as an Indian Health Services medical facility located in Shiprock, New Mexico, by the United States of America through the Department of Health and Human Services.

2.       Lily A. Begay was an enrolled member of the Navajo Nation, a federally recognized tribe of Indians, and was a resident and citizen of Shiprock, Navajo Nation, New Mexico. Plaintiff decedent died on January 11, 2013.

3.      Shirley Parrish is the daughter of Lily Begay and is a resident and citizen of Kayenta, Navajo Nation, State of Arizona and is the duly appointed Administrator of the Estate of Lily Begay as ordered by the Kayenta District Court, Navajo Nation, on April 15, 2013, docketed as KY-FC-196-2013 (CV). Plaintiffs Lucille Begay, Kathleen Herder, Gerry Begay, Caroline B. James, Elsie Begay, and David Begay, Jr. are natural children of the plaintiff decedent.

4.      Defendant, United States of America, through its agents, employees, and through the Department of Health & Human Services, Public Health Service, and Indian Health Service, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled the Northern Navajo Medical Center in Shiprock, New Mexico, where all claims of negligence arose.

5.      The claims for which Plaintiffs sue herein arose from the acts and omissions of Defendant as alleged herein all occurring within the State of New Mexico.

6.      If the Defendant was a private person, it would be liable to the Plaintiffs in accordance with the laws of the State of New Mexico.

7.      On April 14, 2014, within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of Health and Human Services, Public Health Service/Indian Health Service, pursuant to 28 U.S.C. §2675(a).  Said agencies have failed to make a final disposition of Plaintiffs' claims within six months of presentation to Defendant. Plaintiffs deem such failure to be a denial of their claims as provided by the FTCA.

8.     This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. §1346(b) and the amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000.00.

9.     To serve the predominately Native American population of Northern Arizona and Western New Mexico, the United States Public Health Service/Indian Health Service (hereinafter "PHS/IHS") operates and maintains the Northern Navajo Medical Center, Shiprock, New Mexico where medical services are provided to qualifying members of the Native American community.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.     Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 9 as though fully recited at length herein.

## STATEMENTOF FACTS GERMANE TO ALL COUNTS

11.     Plaintiffs re-allege Paragraphs 1 through 10 as though fully recited at length herein.

12.      Lily Begay was seen in the emergency room at Northern Navajo Medical Center on December 25, 2012.

13.     At that time a sonogram revealed a diseased gallbladder with a large 1.5 cm impacted stone and hydrops of the gallbladder.

14.     Mrs. Begay was admitted and after stabilizing her, Emily Solow, DO took her to the operating room for a laparoscopic cholecystectomy on December 28, 2012.

15.      Dr. Solow, from the pre-operative workup, knew that Ms. Begay had a large stone in her gallbladder.

16.      Upon entering into the abdominal cavity, Dr. Solow found the gallbladder

to be "very tense".  Dr. Solow decompressed the gallbladder so that she would be able to place graspers to hold the tissue. Dr. Solow noted a "dilated common duct apparent".

17.     At that point in time, Dr. Solow began to dissect out the cystic duct and "in doing so tore the cystic duct slightly just above where it joined onto the common".

18.     Dr. Solow breached the standard of care at this time during the operation when she placed an unknown quantity of staples in this area without either dissecting out the anatomy or taking an intra-operative cholangiogram to ascertain the anatomy.

19.     After these staples were placed, Dr. Solow dissected the cystic artery free.

20.     At no time did Dr. Solow clean out the triangle of Calot, identify the course and route of the cystic duct and the cystic artery into the gallbladder or look anteriorly and posteriorly thereby failed to obtain the critical view of safety prior to clipping   and   cutting   the   critical   structures   in   the   triangle   of   Calot.

21.     Dr. Solow then stated that "the gallbladder was partially removed from the liver bed" and there was leakage of bile where the cystic duct joined the common duct.

22.     At this point, Dr. Solow removed some staples and commented that the "cystic duct was not fully stapled". She then said "Two staples were placed close to the based an[sic] then a third right at the base of the cystic duct.

23.     Despite the obvious ductal injury and the proximity to the common bile duct, Dr. Solow did not place a drain at the end of the procedure.

24.     On December 31, 2012, Mrs. Begay had a CT scan taken of the abdomen.

25.     At that time, Brian Demby, MD, a radiologist noted "an increased volume of ascites fluid, body wall edema and poor excretion of IV contrast". The "common bile

4

duct is prominent in size".

26.     Mrs. Begay continued to deteriorate at Northern Navajo Medical Center and she was transferred to the University of New Mexico Hospital for further care on January 1, 2013.

27.     A HIDA scan taken on admission to the University of New Mexico Hospital was suggestive of a bile leak.

28.     Due to her critical condition, Mrs. Begay was treated by multiple specialists on arrival.

29.     On January 9, 2013, Mrs. Begay underwent an ERCP by Arun Pillai, MD and Rodney Engel, MD. The study revealed a bile leak with a complete occlusion of the right hepatic duct due to surgical clips.

30.     Mrs. Begay died on January 11, 2013.

31.     Dr. Solow breached the standard of care when she failed to properly identify the critical anatomy during the cholecsytecomy on December 28, 2012.

32.     She further breached the standard of care when it was evident that she had a ductal injury during the procedure and failed to obtain an intraoperative cholangiogram or convert to open to better assess the exact anatomy and injury.

33.     Dr. Solow breached the standard of care when she failed to drain Mrs. Begay at the end of the surgery despite her knowledge that there was a ductal injury during the procedure.

34.     On January 11, 2013, the New Mexico Office of the Medical Investigator, Ian Paul, MD, entered its report of findings indicating that the cause of Ms. Begay's

death was bile duct injury status post laparoscopic cholecystectomy.  This included a

clinical history of acute cholecystitis and cholelithiasis, bile peritonitis, and septic shock.

## COUNT I

### MEDICAL NEGLIGENCE AGAINST DEFENDANT
### THE UNITED STATES OF AMERICA

35.     Plaintiffs re-allege and incorporate by reference the allegations contained

in Paragraphs 1 through 34 as though fully recited at length herein.

36.     At all times material hereto, the relationship of medical provider-patient

existed between Lily Begay and the physicians at the Northern Navajo Medical Center,

and other treating physicians and medical personnel.

37.     Pursuant to the provision of the Federal Tort Claims Act, Defendant

United States of America is liable for the negligent acts, omission, and errors of its

employees or agents acting with in the scope of their duties, as well as liable for any and

all independent contractors who may be employed and under the control and direction of

Defendant at its medical facilities.

38.     At all times pertinent hereto, and as to all acts alleged herein, the

physicians and other medical providers and personnel were employees or agents of

Defendant, acting within the scope of their duties, and otherwise acting with the full

knowledge and consent of Defendant.

39.     Defendant is therefore vicariously liable for the negligent acts of the

physicians at Northern Navajo Medical Center and other medical personnel as alleged

herein.

40.     Defendant owed the decedent the duty to provide medical care of a nature

and quality that was appropriate for a patient such as Lily Begay.

6

41.     In treating and caring for Lily Begay, Defendant failed to exercise ordinary care, and this failure proximately resulted in the death of Lily Begay.  Among other things, Defendant's employees at Northern Navajo Medical Center, whose conduct Defendant is liable were negligent, without limitation, in the following regards:

A.     Failure to possess and apply the knowledge, skill, and care of a reasonably well qualified practitioner under similar circumstances;

B.     Failure to use reasonable care when performing examinations, care, and treatment of Lily Begay;

41.     As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Lily Begay died on January 11, 2013.

## COUNT II

## LOSS OF CHANCE

42.     Plaintiffs re-allege Paragraphs 1 through 41 as though fully recited at length herein.

43.     Plaintiffs invoke the doctrine of Loss of Chance as allowed and recognized under New Mexico law.

44.     As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendant, Lily Begay died on January 11, 2013.

WHEREFORE, Plaintiffs pray for an award of damages sufficient to fully compensate Plaintiffs for all the injuries and damages described herein, for pre and post judgment interest, for taxable costs, and for such other further relief as the Court may deem proper.

8

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

*__Electronically signed and filed 10-22-14__*
By:  Theodore W. Barudin
7900 Menaul Blvd NE
Albuquerque NM  87110-4606
(505) 332-1800
Barudinlaw@aol.com